# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:12-CV-5094-L** |
| **DERSHERA COLTON,** and All Other Occupants, | § § § § | |
| Defendants. | § § | |

## **MEMORANDUAM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Remand, filed January 11, 2013. Defendant Dershera Colton ("Defendant" or "Colton") did not file a response to the motion. After careful consideration of the motion, record, and applicable law, the court **grants** Plaintiff's Motion to Remand.

**I.     Background**

Federal National Mortgage Association ("Plaintiff" or "FNMA") original filed its Complaint for Forcible Detainer and Original Petition against Colton and all other occupants of the real property located at 905 Grinnell Avenue, Dallas, Texas (the "Property"). Colton, a citizen of Texas, removed this action to federal court on December 13, 2012, contending that diversity of citizenship exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. FNMA disagrees and contends that the court lacks subject matter jurisdiction because Colton is a citizen of Texas and that she has not established that the amount in controversy exceeds $75,000.

**Memorandum Opinion and Order – Page 1**

## II. Subject Matter Jurisdiction

### A. The General Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*."). As Colton removed on the basis of diversity of citizenship and the amount in controversy, the court will not address federal question jurisdiction.

### B. Diversity and Amount in Controversy

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d

1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will

**Memorandum Opinion and Order – Page 3**

exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, Colton has the burden of establishing subject matter jurisdiction.

### III. Discussion

#### A. Lack of Jurisdiction

The court agrees that it lacks subject matter jurisdiction because Colton has not established that the amount in controversy exceeds $75,000. Defendant contends that the fair market value of the Property in question exceeds $75,000. This, however, is not the test or measure to be used to determine the amount in controversy. Prior to removal, this action was an appeal to a state county court at law of a forcible detainer, and the sole issue "in a forcible detainer action is the right to actual possession of the premises." *Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006) (citations omitted). Accordingly, the

amount in controversy in this case is not the value of the Property itself, but rather the value of the right to *occupy* the Property. *See Ezon v. Cornwall Equities Ltd.*, 540 F. Supp. 885, 889 (S.D. Tex. 1982) (citing *Battle v. Atkinson*, 115 F. 384, 389 (W.D. Ark. 1902), *aff'd,* 191 U.S. 559 (1903)). Colton, at the relevant time, is or was a tenant at sufferance in wrongful possession of the Property, and she has provided no evidence to establish the value of the right to occupy or possess the Property. The court determines that Colton has failed to satisfy her burden and show that the amount in controversy, exclusive of interest and costs, exceeds $75,000. Accordingly, Colton fails to establish that diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1).

### B. Presence of Nondiverse Defendant

FNMA contends that this court lacks subject matter jurisdiction because Colton is a citizen of Texas. This is incorrect. The presence of a defendant who is a citizen of the forum state is not a jurisdictional defect; it "is a procedural defect that is waived unless raised within thirty days of removal." *Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998) (citations omitted). "[A]" motion for remand based on procedural defects that is brought more than 30 days after the removal of the action[] is outside of the district court's power to grant." *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 284 (5th Cir. 2004) (citation omitted). This means that if an in-state defendant is sued and a plaintiff fails to move to remand within thirty days after removal, the court cannot remand the action, and the in-state defendant remains a party to the case in federal court; however, as FNMA has filed its motion to remand within thirty days of removal, the court must remand because the case was defectively removed in that a defendant who is a citizen of the state where the action is brought may not remove it to federal court. 28 U.S.C. § 1441(b)(2); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Accordingly,

the procedural defect pointed out by FNMA serves as an alternative basis for remand, even if Colton could meet the $75,000 minimum threshold requirement.

### C. Timeliness of Removal

FNMA contends that Colton's removal was untimely because she did not remove the case within thirty days after receiving notice of the lawsuit when it was filed in the Justice Court. As the court has already set forth two grounds to remand this action, it declines to address this argument.

## IV. Conclusion

For the reasons herein stated, the court **lacks** subject matter jurisdiction over the action. Alternatively, the removal for the reasons stated, was procedurally defective. The court **grants** Plaintiff's Motion to Remand and **remands** this action, pursuant to 28 U.S.C. § 1447(c), to the County Court at Law Number 4, Dallas County, Texas. The court **directs** the clerk of the court to remand this action in accordance with the usual procedure.

**It is so ordered** this 28th day of February, 2013.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge